IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| IRWIN DEWAYNE GAINES, #1288686 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv11 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge K. Nicole Mitchell. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Specifically, Petitioner re-argues the position he raised in his petition, that equitable tolling should apply to his case and that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) should operate to excuse the time-bar in his case. He focuses on his claim that his appellate attorney on his direct appeal provided ineffective assistance and that he showed diligence by pursuing claims with that counsel that he wished to have raised at the time of his direct appeal. That, however, is not the showing of diligence that is required. There is no question that his conviction became final on January 30, 2006, and that his federal petition was due on or before January 30, 2007; he does not dispute those dates. Further, his first two state habeas

applications were dismissed on procedural grounds, meaning that they did not toll the federal statute of limitations under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). When he filed his second two state habeas applications on August 1, 2010, the federal statute of limitations under the AEDPA had expired over three and one-half years before so that these filings were also ineffective to provide him with statutory tolling. There is no showing of the diligence required for equitable tolling under *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2563, 177 L. Ed. 2d 130 (2010), in this delay. Petitioner's contention that mailroom personnel in his prison unit did not deliver the Texas Court of Criminal Appeals' notice of dismissal of his first two state habeas applications, but simply marked them as "refused," does not hold up. The mailroom logs submitted by the Director are certified authentic and have evidentiary value. Petitioner has provided nothing but unsupported argument that he did not refuse delivery of the mailed notices. Moreover, he admits he did not even attempt to discover the status of his first two state habeas applications until he filed a motion to compel in November 2011. That also defeats his argument of diligence. *Martinez* and *Trevino* do not apply to his case. Accordingly, Petitioner's objections are without merit and are overruled. Therefore

   **IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED** and that the above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**.

   All motions by either party not previously ruled on are hereby **DENIED**.

   **SIGNED this 5th day of March, 2014.**

                                   _____
                                   MICHAEL H. SCHNEIDER
                                   UNITED STATES DISTRICT JUDGE

2